UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 2:23-cr-00014-cr |
| | ) |
| TYLER ORVIS, | ) |
|     Defendant. | ) |

**RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION FOR RECONSIDERATION OF DETENTION ORDER**

The United States of America responds in opposition to defendant Tyler Orvis' "Motion for Reconsideration" filed on March 24, 2023 [Doc. 15]. The United States may eventually agree that conditions could be set that would reasonably assure the defendant's appearance and protect the safety of others and the community. Nevertheless, the defendant should continue to be detained until an alternative and more detailed release plan is presented and until the Court has an opportunity to fully consider its implementation.

The United States moved for detention when the defendant was arrested pursuant to an indictment charging him with a violation of 21 U.S.C. § 846, for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 18 U.S.C. § 3142(f)(1)(C). The defendant is also charged under 21 U.S.C. § 856(a)(2) with knowingly allowing his residence to be a drug-involved premises at which controlled substances were stored and distributed. That residence is 98 Meadow Road in Milton, Vermont. The United States contended, and now contends, that the defendant represents a risk a danger to other individuals. [Doc. 5.] The defendant has been in custody since his arrest on February 21, 2023 and has appeared to have been suffering significant opiate withdrawal symptoms during his detention. A presumption continues to apply that no condition or combination of conditions could be set to

1

assure his appearance or the safety of the community. 18 U.S.C. § 3142(e)(3). The defendant's motion does not rebut that presumption.

The only representations in defendant Orvis' motion justifying his prompt release are his apparent acceptance into Valley Vista's inpatient substance abuse program and ultimately a proposal to reside again at 98 Meadow Road, Milton, Vermont, the very same location that he knowingly allowed to be used as a drug-involved premises. In fact, during the execution of a search warrant on the residence on December 29, 2022, law enforcement found an individual in the house who was in possession of more than 300 bags of fentanyl. It is true that the defendant stated that he would like to "live at a sober house" after completing Valley Vista and before moving back to 98 Meadow Road. [Doc. 15 at 2.] However, no established plan has been identified for said sober living. Further, the defendant states, "[i]t is Tyler's intention that nobody other than his fiancé would reside with him" at 98 Meadow Road. *Id.* The Government's investigation to date demonstrates that individuals involved in drug use and possession are currently residing at 98 Meadow Road pursuant to rental agreements. The defendant offers no plan as to how he will evict those individuals or otherwise ensure that his house is not occupied by drug users/sellers.

To be sure, the United States concurs that substance abuse treatment would be beneficial for defendant Orvis and believes that residential treatment could be an initial step for successful release conditions. The defendant correctly points out that the Government said as much in the original motion for the defendant's pretrial detention. [Doc. 15 at 2.]. However, the defendant's plan following his participation in drug treatment lacks the "sober living" component that the Government (and the defendant, for that matter) believes is appropriate for the defendant. A release plan should consist of more than an acceptance to a residential treatment program and aspirations to stay in a drug-free residence. It should include specifics and indications that the

location(s) where the defendant will reside is not occupied by those involved in narcotics. Finally, U.S. Probation Officer Ethan Clifford continues to assert there are no conditions or combination of conditions to assure the defendant's appearance or the safety of the community.

Both the presumption of 18 U.S.C. § 3142(e)(3) and the statutory factors of 18 U.S.C. § 3142(g) currently support defendant Orvis' continued detention. The United States may be persuaded to join in a future recommendation for the defendant's pretrial release, but the present motion before the Court does not provide sufficient substantive details about a structured release plan to justify release at this time.

WHEREFORE the United States respectfully requests the Court deny the motion without prejudice.

Dated at Burlington, in the District of Vermont, April 4, 2023.

       Respectfully submitted,

       UNITED STATES OF AMERICA

       NIKOLAS P. KEREST
       United States Attorney

By:   /s/Zachary B. Stendig
      Zachary B. Stendig
      Assistant U.S. Attorney
      Burlington, VT 05402-0570
      (802) 951-6725